Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EFRAÍN ACEVEDO TORRES, EVA HILDA NEGRÓN PÉREZ<br><br>Demandantes-Peticionarios<br><br>v.<br><br>GLADYS RUIZ CRUZ<br><br>Demandada-Recurrida | KLCE202500642 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Lares<br><br>Caso núm.: LR2019CV00265<br><br>Sobre: Acción Reivindicatoria, Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2025.

Durante un juicio, el Tribunal de Primera Instancia ("TPI") determinó excluir unos documentos sobre la base de que no se trataba de los originales, sino de copias. Según se explica a continuación, concluimos que erró el TPI, pues cuando, como ocurre aquí, no se ha planteado una controversia genuina sobre la autenticidad de la copia, esta es tan admisible como el original.

I.

En septiembre de 2019, se presentó la acción de referencia, sobre acción reivindicatoria y daños y perjuicios; la demanda fue enmendada en octubre de 2019 (la "Demanda"). La misma fue presentada por el Sr. Efraín Acevedo Torres y la Sa. Eval Hilda Negrón Pérez (los "Demandantes") en contra de la Sa. Gladys Ruiz Cruz (la "Vecina").

Los Demandantes alegaron que la Vecina "alter[ó] la colindancia que tiene con" ellos, al construir una verja en el terreno de los Demandantes y al instalar un portón cuyo "soporte" afecta su residencia. Además, alegaron que han sufrido daños como consecuencia de la instalación de una cámara de seguridad que capta

su propiedad. Los Demandantes solicitan al TPI que condene a la Vecina a pagar los daños y perjuicios sufridos, así como honorarios de abogados, se le ordene el reembolso de gastos y costas, así como la demolición de las construcciones ilegales.

La Vecina contestó la Demanda. Alegó que ella acordó, con un dueño anterior de la propiedad de los Demandantes, que se instalaría la verja en el lugar donde ubica y suplió las razones que entiende justifican las actuaciones señaladas en la Demanda. Además, presentó una reconvención dirigida a reivindicar un terreno que alega es suyo, pero el cual los Demandantes ocupan, y a que se remueva un "pozo muro". Además, reclamó daños y perjuicios porque los Demandantes le han dañado y quemado sus plantas y se burlan de ella.

Los Demandantes contestaron la reconvención; alegaron que no han construido nada fuera de su predio de terreno. En la alternativa, plantearon que, "si hay alguna extralimitación en la utilización del predio de terreno ... dicha porción de terreno ... fue adquirida por prescripción adquisitiva extraordinaria".

Luego de varios trámites, el TPI señaló el juicio en su fondo para el 6 y 13 de mayo de 2025. El 13 de mayo, el TPI determinó que el juicio continuaría el **1 y 22 de julio**, así como el 26 de agosto, de ser necesario.

De la minuta de la vista del 6 de mayo, surge que los Demandantes intentaron presentar copia de una declaración jurada y de un informe pericial, ello en conexión con el testimonio que se presentaría por la declarante y el perito correspondiente. No obstante, a raíz de las objeciones de la Vecina, el TPI excluyó dichos documentos porque los mismos no eran los originales, sino copias.

El 10 de mayo, los Demandantes, mediante una moción (la "Moción"), solicitaron la reconsideración de la determinación del TPI. Arguyeron que la norma es que una copia es tan admisible como el

original, salvo que exista una controversia genuina sobre su autenticidad, lo cual no había ocurrido en este caso.

Mediante una Resolución notificada el 12 de mayo (la "Resolución"), el TPI denegó la Moción.

Inconformes, el 10 de junio, los Demandantes presentaron el recurso que nos ocupa en el cual solicitan la revisión de la Resolución. Arguyeron que, como el único fundamento de la objeción de la Vecina es que los documentos no eran originales, y no existía controversia genuina sobre su autenticidad, las copias son admisibles para los mismos fines que los originales.

Le ordenamos a la Vecina que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la Resolución. La Vecina no cumplió con lo ordenado dentro del término concedido[1]. De conformidad con nuestra autoridad bajo la Regla 7(B)(5) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos sin trámite ulterior.

## II.

La norma es que cuando una parte tiene el propósito de "probar el contenido de un escrito, una grabación o una fotografía se requiere la presentación del original". Regla 1002 de las Reglas de Evidencia, 32 LPRA Ap. VI R.1002; *Pueblo v. Echevarría Rodríguez,* 128 DPR 299, 331 (1991). Se entiende por *original* el "escrito o la grabación misma o cualquier contraparte de éstos, siempre que la intención de la persona que los ejecuta o emita sea que éstos tengan el mismo efecto que aquellos...". Regla 1001 (c) de las Reglas de Evidencia, 32 LPRA Ap. VI, R.1001(c).

---

[1] El 20 de junio, la Vecina solicitó una prórroga de cinco días laborables para cumplir con nuestra orden, pues estaba "realizando gestiones para poder allegar los recursos económicos necesarios a fin de atender debidamente el requerimiento" de este Tribunal. Hemos determinado denegar esta solicitud en atención a (i) la proximidad de la continuación del juicio y la deseabilidad de evitar que el mismo se retrase, (ii) la naturaleza sencilla del asunto planteado y (iii) al hecho de que no se ha planteado que la representación legal de la Vecina estuviese de algún modo impedida de presentar la postura de la Vecina dentro del término concedido, indistintamente de cuándo podría recibir los honorarios que se pudiesen haber acordado al respecto.

No obstante, **será también un original** "el impreso legible que refleja con precisión la información que haya sido almacenada, acumulada o producida en computadora o en un artefacto similar". *Íd.* Por tanto, "**[u]n duplicado es tan admisible como el original a no ser que surja una genuina controversia sobre la autenticidad del original o que, bajo las circunstancias del caso, sea injusto admitir el duplicado en lugar del original**". Regla 1003 de las Reglas de Evidencia, 32 LPRA Ap. VI, R.1003 (Énfasis suplido).

Por su parte, la Regla 1001 (d) define *duplicado* como la "copia o imagen producida por la misma impresión que el original, por la misma matriz, por medio de fotografía, incluso ampliaciones y miniaturas, por regrabaciones mecánicas, electrónicas o digitales, por reproducciones químicas, digitales o por otras técnicas equivalentes que reproduzcan adecuadamente el original". Regla 1001 (d) de las Reglas de Evidencia, 32 LPRA Ap. VI R.1001(d).

Así pues, "no hay razón para que el duplicado no sea tan admisible como el original. Por definición, el contenido del duplicado será igual al contenido del original". E. L. Chiesa, *Reglas de Evidencia Comentadas*, San Juan, Situm, 2016, pág. 372 y 376. Abunda el mismo tratado en que:

> La excepción es cuando hay una genuina controversia sobre la autenticidad del original. **No es suficiente con una escueta alegación de que hay duda con la autenticidad del original; debe explicarse la razón para la tal duda**. Ante una genuina controversia sobre la autenticidad del original, no es suficiente con examinar un duplicado. Ante la posibilidad de falsificación o fraude, es esencial examinar el original, pues cobran importancia elementos, tales como el color del escrito, los rasgos de la letra del presunto autor y otros, para lo que cual sirve mucho mejor el original que el duplicado. Por supuesto, si la alegación es que hubo alteración en el documento, en el sentido que el alegado duplicado no lo es en realidad, es evidente la necesidad de examinar el alegado original y compararlo con el alegado duplicado. E. L. Chiesa, *op. cit.*, en las pág. 376. (Énfasis suplido).

III.

Concluimos que, como cuestión de derecho, erró el TPI al excluir los documentos objetados por la Vecina, únicamente por razón de que eran copias. Según arriba expuesto, la norma es clara a los efectos de que un duplicado es tan admisible como un original, salvo que exista alguna controversia genuina sobre su autenticidad o fidelidad. En este caso, no surge del récord que se haya planteado que exista una controversia genuina al respecto. Adviértase que no es suficiente que la parte que objeta exponga que tiene "dudas", sino que tendría que explicarse la razón específica de cualquier supuesta duda en torno a la autenticidad o legitimidad de la copia. Véase E. L. Chiesa, *Reglas de Evidencia Comentadas*, *supra*, pág. 376. Ello no ocurrió en este caso.

IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari*, se revoca la Resolución recurrida y se devuelve el caso para trámites ulteriores compatibles con lo aquí resuelto y expuesto. Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[2] **el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, <u>sin que tenga que esperar por nuestro mandato</u>.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Regla 35 (A)(1): "La presentación de una solicitud de certiorari no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.